**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


| | | |
|---|---|---|
| **RICHARD J. THOMPSON** | * | **CASE NO. 2:15-cv-00311** |
| | * | |
| **VS.** | * | **JUDGE SARAH S. VANCE** |
| | * | |
| **YELLOW FIN MARINE SERVICES,** | * | **SECTION "R" (2)** |
| **LLC** | * | |

_____/

**DEFENDANT YELLOW FIN**
**MARINE SERVICES, LLC'S**
<u>**PROPOSED JURY INSTRUCTIONS**</u>

COMES NOW, by and through undersigned counsel, Defendant Yellow Fin Marine

Services, LLC and files these Propose Jury Instructions:

<u>**GENERAL INSTRUCTIONS**</u>

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that

you must apply.  It is your duty to follow the law as I give it to you.  On the other hand,

you the jury are the judges of the facts.  Do not consider any statement that I have made in

the course of trial or make in these instructions as an indication that I have any opinion

about the facts of this case.

You have heard the closing arguments of the attorneys.  Statements and arguments

of the attorneys are not evidence and are not instructions on the law.  They are intended

only to assist the jury in understanding the evidence and the parties' contentions.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whethis any fact has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## DUTY TO DELIBERATE

It is your own duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

## INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate, you may ask for the exhibits that the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  When seven (7) of you agree on the answer to a question on the verdict

form, your Foreperson must fill in your answer to that written question.  After you have

answered all of the written questions in a form sufficient to return a proper verdict, your

Foreperson must sign and date the verdict form. [Return this charge together with your

written answers to the questions.]  Unless I direct you otherwise, do not reveal your

answers until such time as you are discharged.  You must never disclose to anyone, not

even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to

the bailiff, who will bring it to me.  I will then respond as promptly as possible either in

writing or by meeting with you in the courtroom.  I will always first show the attorneys

your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about

the case unless I order you to do so.  Please do not use cell phones during deliberations as

to give the appearance that you have contacted persons outside this courtroom for advice

on your deliberation or verdict.

You may now retire to the jury room to conduct your deliberations.

In determining the weight to give to the testimony of a witness, you should ask

yourself whether there was evidence tending to prove that the witness testified falsely

about some important fact, or, whether there was evidence that at some othis time the

witness said [or did] something, [or failed to say or do something] that was different from

the testimony he gave at the trial.

**CONSIDERATION OF THE EVIDENCE**

You must consider only the evidence in this case.  However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider.  One is direct evidence – such as testimony of an eyewitness.  The other is indirect or circumstantial evidence – the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts.  The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**USE OF NOTES TAKEN BY JURORS**

Any notes that you have taken during the trial are only aids to your memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or

impression of each juror about the testimony.

## DEPOSITION TESTIMONY

During the course of the trial, the parties presented testimony through depositions. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  This deposition testimony is entitled to the same consideration [and is to be judged by you as the credibility] [and weighed and otherwise considered by you insofar as possible in the same way] as if the witness had been present and had testified from the witness stand in court.

## Bias - Corporate Party Involved

Do not let bias, prejudice, or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[1]

This is a case of an individual against a corporation.  Corporations are entitled to the same fair trial in your hands as are private individuals.  You took an oath at the commencement of this case that you would decide the case fairly without regard to the

---

[1] United States Court of Appeals for the Fifth Circuit, Pattern Jury Instructions.

consequence to any party involved.  It must be decided by you in a fair, impartial, and

unbiased way, based entirely on the law and evidence presented to you in the courtroom.[2]

## Jones Act - Unseaworthiness - General Maritime Law

The plaintiff, Richard J. Thompson, a seaman, is asserting separate claims in this

case - one for negligence pursuant to the Jones Act and one under the general maritime

law (unseaworthiness).  The claims pursuant to the Jones Act and for unseaworthiness

pursuant to general maritime law must be considered separately.  The plaintiff is not

required to prove all claims.  However, the plaintiff may only recover for those damages

that the law provides for the claim or claims that he proves.  Further, he may not recover

the same damages more than once.[3]

## Jones Act Negligence

A seaman injured in the course and scope of his employment has a right to sue his

employer for negligence under the Jones Act, 46 U.S.C. §30105. To establish liability

under the Jones Act, the seaman must show that his injury was caused, in whole or in

part, by the employer's negligence.[4]  Conversely, liability does <u>not</u> attach to a Jones Act

employer for injuries suffered by its employees absent proof that the employer's

---

[2] <u>Roy v. Employer's Mut. Cas. Co.</u>, 368 F.2d 902 (5th Cir. 1966).

[3] United States Court of Appeals for the Fifth Circuit, Pattern Jury Instructions.

[4] <u>Hasty v. Trans Atlas Boats, Inc.</u>, 389 F.3d 510, 512 (5th Cir. 2004).

negligence was the cause, in whole or in part, of the seaman's injury.[5]  While the

seaman's burden of proof is described as "featherweight," it is not nonexistent.[6]

### Jones Act Negligence - Safe Place to Work

A Jones Act employer has the duty to provide a safe place to work.[7]  This does not

mean that a seaman's place of work needs to be free of all hazards or dangers; rather, it

must be reasonably safe under the circumstances, taking into consideration the nature of

the work performed.[8]

A Jones Act employer must have notice and the opportunity to correct an unsafe

condition before liability attaches to an action alleging failure to provide a safe place to

work.[9]   The standard of care is not what the employer subjectively knew, but rather, what

it objectively knew or should have known.[10]

A practice is not necessarily unsafe merely because an injury occurred. Further, the

occurrence of an accident, standing alone, does not mean that anyone's negligence caused

---

[5] Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 335 (5th Cir. 1997).[emphasis supplied].

[6] Haynes v. Harrah's Casino Joliet, 2001 WL 1464735 p. 5 (N.D. Ill. 11/16/2001).

[7] Colburn v. Bunge Towing, Inc., 883 F.2d 372, 374 (5th Cir.1989)

[8] Matson v. Navigation Co., 132 F.2d 487, 488 (9th Cir. 1942).

[9] Colburn v. Bunge Towing, Inc., 883 F.2d 372, 374 (5th Cir. 1989).

[10] Colburn v. Bunge Towing, Inc., 883 F.2d 372, 374 (5th Cir. 1989).

the accident.[11]

## Jones Act - Seaman's Fault

The doctrine of comparative fault applies to Jones Act cases to reduce a seaman's recovery by the proportionate share of his own fault.[12] A seaman whose injury is entirely caused by his own negligence cannot recover under the Jones Act.[13]   Yellowfin Marine Services has the burden of proving that the plaintiff was solely or comparatively negligent.[14]

A seaman has a duty to exercise the degree of care for his own safety that a reasonable, or ordinarily prudent, seaman would exercise under similar circumstances.[15] The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work environment and to provide a seaworthy vessel, but also on his own experience, training, and education.[16]

---

[11] Noble Drilling (USA) v. Fountain, 238 S.W.3d 432, 440 n. 8 (Tex.App. Houston [1st Dist] 2007).

[12] Churchwell v. Bluegrass Marine, Inc., 444 F.3d 898, 902 (6th Cir. 2006); Anmar v. U.S., 342 F.3d 133, 139 (2nd Cir. 2003); Hopkins v. Jordan Marine, 271 F.3d 1, 3 (1st Cir. 2001); Simeonoff v. Hiner, 249 F.3d 883, 890 (9th Cir. 2001); Wilson v. Maritime Overseas Corp., 150 F.3d 1, 11 (5th Cir. 1998);

[13] Keel v. Greenville Mid-Stream Service, Inc., 321 F.2d 903, 904 (5th Cir. 1963).

[14] United States Court of Appeals for the Fifth Circuit, Pattern Jury Instructions, 4.7.

[15] United States Court of Appeals for the Fifth Circuit, Pattern Jury Instructions, 4.7; Gautreux v. Scurlock Marine, Inc., 107 F.3d 331, 338 (5th Cir. 1997); In re Parish of Plaquemines, 231 F.Supp.2d 506, 512 (E.D. La. 2002)

[16] United States Court of Appeals for the Fifth Circuit, Pattern Jury Instructions, 4.7.

The doctrine of comparative fault applies to Jones Act cases to reduce a seaman's recovery by the proportionate share of his own fault.[17] A seaman is deemed comparatively at fault when he has a safer alternative available to him but chooses a less safe course of action which puts him in danger.[18] If a seaman knows, or should know, of a simple way to avoid an unsafe situation created by lack of proper equipment, he has a duty to follow the safe course of conduct.[19] A seaman's comparative fault will reduce the amount of damages owed proportionate to his share of fault.[20]

### Duties of a Vessel Captain

A vessel captain is charged with the responsibility for the right performance of all duties which appertain to the command and management of the vessel.[21] That is, the captain of a vessel is one who is "responsible for the vessel's navigation and the safety and care of the crew and cargo."[22]

---

[17] Churchwell v. Bluegrass Marine, Inc., 444 F.3d 898, 902 (6th Cir. 2006); Anmar v. U.S., 342 F.3d 133, 139 (2nd Cir. 2003); Hopkins v. Jordan Marine, 271 F.3d 1, 3 (1st Cir. 2001); Simeonoff v. Hiner, 249 F.3d 883, 890 (9th Cir. 2001); Wilson v. Maritime Overseas Corp., 150 F.3d 1, 11 (5th Cir. 1998);

[18] Churchwell, 444 F.3d at 908; Anmar, 342 F.3d at 139, 140; Huss v. King, 338 F.3d 647 (6th Cir. 2005); Boudreaux v. U.S., 280 F.3d 461 (5th Cir. 2001); Simeonhoff, 249 F.3d at 888-889; Wilson v. Maritime Overseas, 150 F.3d at 11; Broussard v. Stolt Offshore, 467 F.Supp.2d 668, 674 (E.D.La. 2006).

[19] CEJA v. Mike Hooks, Inc., 690 F.2d 1191 (5th Cir. 1982).

[20] Jauch v. Nautical Services, Inc., 470 F.3d 207, 213 (5th Cir. 2006).

[21] U.S. v. Kaluza, 2013 WL 6490341 p. 26 (E.D. La. 12/10/2013) citing U.S. v. Farnham, 25 F.Cas. 1042, 1044 (C.C.S.D. NY 1853).

[22] Black's Law Dictionary, page 1065 (9th Edition)[defining "master of a vessel"].

**Negligence Counter Claims Against the Captain**

As a vessel owner who is also the employer of the captain, Yellow Fin has a cause

of action in general maritime negligence for damages caused by the vessel captain,

Richard J. Thompson.[23] As an actionable wrong under general maritime law, the elements

of such a claim by the vessel owner against its captain are similar to the elements of

general maritime negligence.[24]  To state a claim for relief under maritime law for general

maritime negligence, the vessel owner must "demonstrate that there was a duty owed by

the captain to the vessel owner, breach of that duty, injury sustained by [the] vessel

owner, and a causal connection between the captain's conduct and the vessel owner's

injury." [25] As with other maritime law causes of action, liability is to be allocated among

the parties according to their respective comparative fault.[26]  Therefore, if you find fault

on Captain Thompson for causing the allision with the platform, you must award damages

to Yellow Fin.

**Jones Act  - Causation**

Not every injury that follows an accident necessarily results from it.  The accident

---

[23] Withhart v. Otto Candies, LLC, 431 F.3d 840, 845 (5th Cir. 2005).

[24] Id.

[25] Canal Barge Co. v. Torco Oil Co., 220 F.3d 370, 376 (5th Cir.2000) (*quoting* In re Cooper/T. Smith, 929 F.2d 1073, 1077 (5th Cir.1991) (alteration in original)

[26] Withhart, 431 F.3d at 842, n. 2.

must be the cause of the injury.[27]

To establish liability under the Jones Act, the seaman must show that his injury was caused, in whole or in part, by the employer's negligence.[28]  Conversely, liability does not attach to a Jones Act employer for injuries suffered by its employees absent proof that the employer's negligence was the cause, in whole or in part, of the seaman's injury.[29]

The standard of care owed by a Jones Act employer to his employee is ordinary prudence under the circumstances.[30]  In order to establish a claim negligence under the Jones Act, a plaintiff must show: (1) the employer owed the plaintiff a duty; (2) the employer breached the duty; and (3) a causal link between the plaintiff's injury and the employer's breach.[31]  Moreover, the seaman bears the evidentiary burden of proving that a breach of the duty owed by the employer was the cause of his injuries.[32]

---

[27] United States Court of Appeals for the Fifth Circuit, Pattery Jury Instructions, 4.6.

[28] Hasty v. Trans Atlas Boats, Inc., 389 F.3d 510, 512 (5th Cir. 2004).

[29] Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 335 (5th Cir. 1997).[emphasis supplied].

[30] Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 338 (5th Cir.1997)

[31] Ribitzki v. Canmar Reading & Bates, Ltd Partnership, 111 F.3d 658, 662 (9th Cir. 1992)[Adding the element of "notice"]; Macke v. Mississippi Belle II, Inc., 212 F.Supp.2d 1069, 1075 (S.D. Iowa 2002); See also Martin v. Harris, 560 F.3d 210, 216 (4th Cir. 2009)[A Jones Act negligence action incorporates the common law elements of duty, breach, and causation.]

[32] Gautreaux v. Scurlock Marine, Inc. 107 F.3d 331, 334-335 (5th Cir. 1997).

## Unseaworthiness

Plaintiff's claims for the unseaworthiness of the vessel are separate from his

claims of negligence under the Jones Act.  A vessel owner owes to every member of the

crew working on its vessel the absolute duty to keep and maintain the vessel, and all

decks, and passageways, appliances, gear, tools, parts and equipment in a seaworthy

condition at all times.[33]  Liability for an unseaworthy condition does not, in any way,

depend upon negligence, fault, or blame.[34]

The duty of seaworthiness is only to furnish a ship and appurtenances that are

reasonably fit for their intended use.[35] However, the vessel owner is not obligated to

furnish an accident free vessel.[36]  The standard is one of reasonable fitness, not

perfection.[37] Further, the vessel owner is only required to provide a vessel and equipment

that is reasonably proper and suitable for its intended use , and a crew that is reasonably

adequate.[38] A single isolated act of negligence is not enough to create a condition of

---

[33] United States Court of Appeals for the Fifth Circuit, Pattern Jury Instruction.

[34] United States Court of Appeals for the Fifth Circuit, Pattern Jury Instruction.

[35] United States Court of Appeals for the Fifth Circuit, Pattern Jury Instruction; Mitchel v. Trawler Racer, Inc., 362 U.S. 539, 550, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960)

[36] United States Court of Appeals for the Fifth Circuit, Pattern Jury Instruction.

[37] Mitchel v. Trawler Racer, Inc., 362 U.S. 539, 549-550, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960)

[38] United States Court of Appeals for the Fifth Circuit, Pattern Jury Instruction.

unseaworthiness.[39]

To prevail on a claim of unseaworthiness, the Plaintiff must show that the vessel

breached its duty of seaworthiness, and that the resulting injury was caused by that

unseaworthy condition.[40]

## Unseaworthiness - Comparative Fault

The doctrine of comparative fault also applies to an unseaworthiness claim.[41]

## Causation - Unseaworthiness

The burden of proving causation for an unseaworthiness claim is heavier than a

claim under the Jones Act. A claim of unseaworthiness must be proved by a

preponderance of evidence that the unseaworthy condition was the proximate cause of the

injury.[42] To prevail on a claim of unseaworthiness, the plaintiff must show that the vessel

breached its duty of seaworthiness, and that the resulting injury was proximately caused

by that unseaworthy condition.[43]   That is, the plaintiff must show that the condition played

a substantial part in bringing about or actually causing his injury, and that the injury was

---

[39] Usner v. Luckenbach, 400 U.S. 494 (1971).

[40] In re Cooper/ T. Smith, 929 F.2d 1073, 1077 (5th Cir. 1991)

[41] Pope & Talbot v. Hawn, 346 U.S. 408-409, 74 S.Ct. 202, 98 L.Ed. 143 (1953).

[42] United States Court of Appeals for the Fifth Circuit, Pattern Jury Instruction 4.6; Alvarez v. J. Ray McDermott, 674 F.2d 1037, 1042, n. 3 (5th Cir. 1982).

[43] In re Cooper/ T. Smith, 929 F.2d 1073, 1077 (5th Cir. 1991)

either a direct result or a reasonably probable consequence.[44] A single isolated act of negligence is not enough to create a condition of unseaworthiness.[45] Further, the doctrine of comparative fault also applies to an unseaworthiness claim.[46]

### Pre-Existing Conditions

Although a tortfeasor takes his victim as he finds him, the tortfeasor is not liable for injuries that are not attributable to his wrongful conduct.[47]  If a vessel owner's act merely advances a disability of the plaintiff that would have occurred in any event, the vessel owner can only be liable for damages for such advancement of the disability.[48] Where a seaman, such as Thompson, would have experienced symptoms of his preexisting condition at some time in the future even if the incident had not occurred, he can only recover that portion of his damages caused by the aggravating event, and not the damages associated with the preexisting condition.[49]

### Opinions of a Doctor

The opinion of a doctor as to the condition of a patient may be based on entirely

---

[44] United States Court of Appeals for the Fifth Circuit, Pattern Jury Instruction 4.6; Alvarez v. J. Ray McDermott, 674 F.2d 1037, 1042, n. 3 (5th Cir. 1982).

[45] Usner v. Luckenbach, 400 U.S. 494 (1971).

[46] Pope & Talbot v. Hawn, 346 U.S. 408-409, 74 S.Ct. 202, 98 L.Ed. 143 (1953).

[47] Williams v. McCall's Boat Rentals, Inc., 2002 WL 465170, p. 6 (E.D. La.).

[48] Milos v. Sea-Land Service, Inc., 478 F.Supp. 1019, 1024 (S.D. NY 1979).

[49] Evans v. United Arab Shipping Co., 767 F.Supp. 1284 (D.N.J.,1991)

objective symptoms revealed through observation, examination, tests, or treatments; or

the opinion may be based entirely on subjective symptoms revealed only through

statements made by the patient, or the opinion may be based on both objective and

subjective symptoms.  To the extent any opinion testified to by a doctor is based on the

patient's stated history of symptoms or subjective symptoms described by the patient, you

may consider the truth or falsity of the patient's statements in determining what weight

you should give to the doctor's opinion.[50]

### Damages (Consider Only If Necessary)

If the plaintiff has proven his claims against the defendant, you must determine the

damages to which the plaintiff is entitled.  You should interpret the fact that you have

been given instructions about the plaintiff's damages as an indication in any way that I

(the judge) believe that the plaintiff should or should not win his case.  It is your task to

first decide whether the defendant is liable.  I am instructing you on damages only so that

you will have guidance in the event you decide that the defendant is liable and that the

plaintiff is entitled to recover money.[51]

The purpose of compensatory damages in a tort case is to place the injured party in

the condition he would have been in if the wrong had not occurred.[52]

---

[50] Owens v. Heckler, 770 F.2d 1276, 1281 (5th Cir. 1985).

[51] United States Court of Appeals for the Fifth Circuit, Pattern Jury Instructions, 15.1.

[52] Freeport Sulphur Co. v. S/S Hermosa, 526 F.2d 300 (5th Cir. 1976).

**Jones Act - Damages**

A Jones Act seaman's remedies are past and future wage loss, past and future medical expenses, past and future pain and suffering.[53]

**Damages** (Pattern)

If you find that the defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of the plaintiff's damages. The instructions I now give you apply only to your award, if any, of compensatory damages.

Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages—what the law calls compensatory damages—that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the plaintiff whole, or to restore him to the position he would have been in if the accident had not happened.

You should consider the following elements of damages, to the extent you find that the plaintiff has established such damages by a preponderance of the evidence: physical pain and suffering including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of

---

[53] Allen v. Seacoast Products, Inc., 623 F.2d 355 (5th Cir. 1980).

life;  mental anguish and feelings of economic insecurity caused by disability;  income loss in the past;  impairment of earning capacity or ability in the future, including impairment in the normal progress in the plaintiff's earning capacity due to his physical condition;  postmedical expenses;  the reasonable value, not exceeding actual cost to the plaintiff, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

Some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required.  In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the plaintiff for his injuries.

Any award you make to the plaintiff is not subject to income tax;  neither the state nor the federal government will tax it.  Therefore, you should determine the amount that plaintiff is entitled to receive without considering the effect of taxes upon it.

### Duty to Mitigate

The purpose of compensatory damages in a tort case is to place the injured party in the condition he would have been in if the wrong had not occurred.[54]  A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate (to avoid or minimize those damages).

---

[54] Freeport Sulphur Co. v. S/S Hermosa, 526 F.2d 300 (5th Cir. 1976).

A seaman has the duty to mitigate his damages.[55]  In determining the amount of compensatory damages to which the seaman is entitled, the Court must also consider the seaman's duty to mitigate her losses by seeking new employment.[56] Thus, the plaintiff may not recover for any item of damages which he could have avoided through reasonable effort.[57]  If the plaintiff was capable of returning to work at some point after his accident, but failed to do so, then his damages must be reduced by the amount he reasonably could have reduced his damages by returning to work.[58]

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages.  An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages.  However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant have the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied its burden of proving that the plaintiff's conduct was unreasonable.[59]

---

[55] Smith v. Atlas Off-Shore Boat Serv., Inc., 653 F.2d 1057, 1064 (5th Cir.1981).

[56] Smith v. Atlas Off-Shore Boat Serv., Inc., 653 F.2d 1057, 1064 (5th Cir.1981).

[57]  United States Court of Appeals for the Fifth Circuit, Pattern Jury Instruction, 15.15.

[58] United States Court of Appeals for the Fifth Circuit, Pattern Jury Instruction, 15.15.

[59] United States Court of Appeals for the Fifth Circuit, Pattern Jury Instruction, 15.15.

Respectfully submitted,

/S/ RUFUS C. HARRIS, III

_____

RUFUS C. HARRIS, III (#6638)
ALFRED J. RUFTY, JR. (#19990)
JILL S. WILLHOFT (#28990)
CINDY G. MARTIN (#25159)
HARRIS & RUFTY, L.L.C.
650 Poydras Street, Suite 2710
New Orleans, Louisiana 70130
Telephone:  (504) 525-7500
Attorneys for Yellow Fin Marine Services, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing by electronic transmission including facsimile or the CM/ ECF system, this 22nd day of February, 2016.

/S/ RUFUS C. HARRIS, III

_____

RUFUS C. HARRIS, III