UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD J. THOMPSON | CIVIL ACTION |
| VERSUS | NO. 15-311 |
| YELLOW FIN MARINE SERVICES, LLC | SECTION "R" (2) |

# ORDER AND REASONS

In anticipation of trial in this Jones Act case, the parties have filed motions in limine and objections. Plaintiff Richard J. Thompson has filed a motion in limine to exclude defendant Yellow Fin Marine Services, LLC's counterclaims.[1] Thompson has also filed a motion in limine to exclude references to charges filed against Thompson by the U.S. Coast Guard.[2] Both parties have objected to several proposed trial exhibits.[3] The Court resolves the parties' motions and objections as follows.

---

[1] R. Doc. 24
[2] R. Doc. 27
[3] R. Doc. 31; R. Doc. 32.

### A. Thompson's Motion in Limine Regarding Yellow Fin's Counterclaims.

Thompson argues that Yellow Fin's counterclaims lack legal basis and evidence of them should therefore be excluded entirely. In *Withhart v. Otto Candies, L.L.C.*, the Fifth Circuit held that "no statutory prohibition in the FELA, and consequently in the Jones Act, prohibits a shipowner-employer from pursuing a claim against its negligent seaman-employee for property damage." 431 F.3d 840, 845 (2005). Thompson attempts to resist this conclusion by citing a Seventh Circuit decision that questioned the *Withhart* result. *See Deering v. Nat'l Maint. & Repair, Inc.*, 627 F.3d 1039, 1046 (7th Cir. 2010). This Court is bound by Fifth Circuit precedent, and Thompson's argument is therefore a nonstarter with regard to Yellow Fin's property damage claims.

Unlike the defendant in *Withhart*, however, Yellow Fin also seeks indemnity for personal injury claims by Thompson's fellow employee Kenneth Lacour. There is no right of contribution or indemnity under admiralty law unless the third-party defendant is directly liable to the plaintiff. S*ee Simeon v. T. Smith & Son, Inc.*, 852 F.2d 1421, 1434 (5th Cir. 1988) (following, in a Jones Act case, the "traditional view" that "there can be no contribution between concurrent tort-feasors unless they share a 'common legal liability' toward the plaintiff." (quoting F. Harper, F. James,

2

O. Gray, 3 The Law of Torts § 10.2 at 46 (2d ed. 1986)). Under the Jones Act, a seaman cannot sue a fellow employee for negligence. *Pullman v. Bouchard Transp. Co.*, No. 99-3008, 2000 WL 1818496, at *3 (E.D. La. Dec. 11, 2000); *see also Roth v. Cox*, 210 F.2d 76, 78 (5th Cir. 1954), *aff'd*, 348 U.S. 207 (1955) ("[T]here is nothing in the Jones Act which grants to seaman a right to bring an action against anyone except his employer . . . .") Because Thompson cannot be directly liable to Lacour under the Jones Act, Yellow Fin is barred from seeking indemnification from Thompson for Lacour's personal injury claims.

The Ninth Circuit reached an identical result in *California Home Brands, Inc. v. Ferreira*. 871 F.2d 830, 835 (9th Cir. 1989) (holding that "[s]ince indemnity is only available where the would be indemnitor is independently liable to the injured party, a shipowner-employer has no right to be indemnified by its employee for damages paid to another crewmember under the Jones Act"). In *Withhart*, the Fifth Circuit distinguished *Ferreira*, but did not disagree with its holding. 431 F.3d at 845. The Court therefore finds Yellow Fin's counterclaim for indemnification from Lacour's personal injury claims to be legally meritless. Evidence tending only to support this claim, and not Yellow Fin's defenses or counterclaims for property damage,

3

is therefore irrelevant and properly excluded under Federal Rule of Evidence 401.

Thompson also argues that Fieldwood Energy LLC's Receipt and Release is hearsay. In the Receipt and Release, Fieldwood agrees to hold Yellow Fin harmless for damages to the West Delta 70L Platform in exchange for receipt of $764,o00. Yellow Fin answers Thompson's charge of hearsay by representing that Michael Bailey, Yellow Fin's president, will testify regarding the negotiations and payments associated with the release.

The Court finds that the document is hearsay. The release is an out of court statement offered to prove the truth of its contents, namely that Yellow Fin paid Fieldwood $764,000 to settle its claims. A release, like a contract, may constitute a non-hearsay verbal act, and be properly admitted if the legal effect of that act is relevant. *See, e.g.*, *Rombeiro v. Unum Ins. Co. of Am.*, 761 F. Supp. 2d 862, 868 n.3 (N.D. Cal. 2010) ("The Court agrees with the Next Level defendants that the release form is a verbal act and not hearsay."); *see also* Fed. R. Evid. 801, Note to Subdivision (c) (noting that hearsay does not include "the entire category of 'verbal acts' and 'verbal parts of an act,' in which the statement itself affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights."). Here, however, Yellow Fin has not shown how the legal effect of the release—namely,

4

limiting Fieldwood's right sue to Yellow Fin—is relevant to any claim. Instead, Yellow Fin appears to offer the release as proof of the damage sustained by the West Delta 70L Platform. The release is therefore not a verbal act and is properly excluded as hearsay. *See U.S. v. Markopoulos*, 848 F.2d 1036, 1039 (10th Cir. 1988) (holding that a car rental contract and credit card voucher are excludable hearsay if offered to prove the identity of the person who rented the car).

Finally, Thompson asserts that the counterclaims fail because Yellow Fin cannot meet its burden of proof. These arguments are not properly presented in a motion in limine, and the Court therefore does not address them. *See Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, 72 F. Supp. 3d 131, 139 (D.D.C. 2014) ("[A] motion in limine is not the proper vehicle to address the sufficiency of the evidence in support of a claim.").

### B. Thompson's Motion in Limine Regarding Charges Filed by the U.S. Coast Guard

Thompson seeks to exclude any reference or evidence pertaining to charges filed against Thompson by the U.S. Coast Guard. This argument is grounded in 46 U.S.C. § 6308, which provides:

> Notwithstanding any other provision of law, no part of a report of a [U.S. Coast Guard] marine casualty investigation . . . , including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence . . . in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States.

Courts have interpreted this provision broadly. *See, e.g.*, *Am. S.S. Co. v. Hallett Dock Co.*, No. 09-2628, 2013 WL 308907, at *6 (D. Minn. Jan. 25, 2013) ("[T]he portion of any expert opinion that relies on or is substantially based on the Coast Guard Report is inadmissible, although the rest of the expert opinion is still admissible. The Coast Guard Report itself may not be used to refresh a witness's recollection or for impeachment.") (citation omitted); *Baker Hughes Oilfield Operations, Inc. v. Seabulk Tankers, Inc.*, No. 03-1230, 2004 WL 859199, at *1 (E.D. La. Apr. 20, 2004) ("This Court intends to enforce 46 U.S.C § 6308(a) by striking any portion of the Coast Guard report, however it may be presented."). Accordingly, the Coast Guard report referenced in the parties' proposed Joint Pre-Trial Order[4] is inadmissible, and Yellow Fin may not employ it at trial for any purpose, including impeachment.

---

4    R. Doc. 18 at 10.

6

This ruling does not exclude Yellow Fin from questioning Thompson regarding the status of his Coast Guard license, if the questioning is grounded in something other than the Coast Guard report.

### C. Thompson's Objections to Yellow Fin's Exhibits

Thompson has filed objections to certain exhibits offered by Yellow Fin. The Court resolves these objections as follows.

     i.  *Exhibit 52 – U.S. Coast Guard Report of Marine Casualty*

Sustained. As discussed above, Exhibit 52 is inadmissible under 46 U.S.C. § 6308.

     ii.  *Exhibit 53 – Criminal Records*

Overruled for the reasons offered in the Court's prior ruling on this issue.[5]

     iii.  *Exhibit 54 – Invoices and Checks*

Overruled. The invoices and checks are relevant to Yellow Fin's counterclaim for damage to the K MARINE XI. The invoices, given a proper foundation, fall under the business records exception. *See Theriot v. Bay Drilling Corp.*, 783 F.2d 527, 533 (5th Cir. 1986). The checks constitute verbal acts, and are therefore not hearsay. *See U.S. v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004), *cert. denied*, 543 U.S. 943 (2004). The Court further

---

5    R. Doc. 48.

finds that, given Yellow Fin's previous disclosures, Thompson was not prejudiced by Yellow Fin's late production of these documents.

> iv. *Exhibit 55 – Fieldwood Energy LLC Receipt and Release*

Sustained for the reasons discussed above.

> v. *Exhibit 56 – Kenneth Lacour Receipt and Release*

Sustained for the reasons discussed above.

### D. Yellow Fin's Objections to Thompson's Exhibits

Yellow Fin has filed objections to certain exhibits offered by Thompson. The Court resolves these objections as follows.

> i. *Exhibits 32-46 and 48-49 – Medical Records and Bills*

Yellow Fin appears to object to these exhibits on the grounds that medical expenses which have been paid by the injured plaintiff's medical insurance are not recoverable and these bills are therefore not relevant. Yellow Fin misunderstands the law. The collateral source rule, "bars a tortfeasor from reducing the damages it owes to a plaintiff by the amount of recovery the plaintiff receives from other sources of compensation that are independent of (or collateral to) the tortfeasor." *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 304 (5th Cir. 2008) (internal quotations omitted). The rule is "plainly applicable in Jones Act negligence cases." *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1243 n.20 (5th Cir. 1994). Because Yellow Fin has made

no showing that it is the source of Thompson's compensation for medical treatment, Thompson may recover these costs under his negligence claim. *See Scotto v. Long Island R.R.*, No. 05-4757, 2007 WL 894332, at *4 (S.D.N.Y. Mar. 20, 2007) ("Mr. Scotto's medical expenses are a portion of his claimed damages, and medical bills would seem eminently relevant to establishing the cost of his medical expenses."). The bills are therefore relevant, and Yellow Fin's objections to these exhibits are overruled.

### ii. *Exhibit 50 – Blue Cross Payment Summary*

In addition to the relevance objection rejected above, Yellow Fin objects that this exhibit contains hearsay and is unauthenticated. Thompson provides no response, and his witness list does not appear to include anyone able to authenticate these records. Yellow Fin's objection is therefore sustained.

### iii. *Exhibit 51 – Excerpt from U.S. Coast Guard Report*

The U.S. Coast Guard report is inadmissible for the reasons described above. The objection is therefore sustained.

### E. Conclusion

For the reasons described above, Thompson's motion in limine to exclude Yellow Fin's counterclaims is GRANTED IN PART AND DENIED IN PART. Thompson's motion to exclude reference to charges filed by the U.S. Coast Guard is GRANTED to the extent it seeks to exclude mention of the U.S. Coast Guard Report. Thompson's objections to Exhibits 52, 55, and 56 are SUSTAINED, and his objections to Exhibits 53 and 54 are OVERRULED. Yellow Fin's objection to Exhibits 50 and 51 are SUSTAINED, and its objections to Exhibits 32 through 46, 48, and 49 are OVERRULED.

New Orleans, Louisiana, this __26th__ day of July, 2016.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE