UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD J. THOMPSON | CIVIL ACTION |
| VERSUS | NO. 15-311 |
| YELLOW FIN MARINE SERVICES, LLC | SECTION "R" (2) |

## ORDER AND REASONS

In anticipation of trial in this Jones Act case, the parties have filed objections to designated deposition testimony.[1] The Court resolves the parties' objections as follows.

### A. Thompson's Objections to Donald Riddlehoover's Deposition

1. *Page 16, Lines 3 through 4 – Hearsay*

OVERRULED. Line 3 does not contain hearsay because the testimony describes a question, not a statement. *See United States v. Lewis*, 902 F.2d 1176, 1179 (5th Cir. 1990) ("The questions asked by the unknown caller, like most questions and inquiries, are not hearsay because they do not, and were not intended to, assert anything."). Line 4—in which the deponent testifies that he said "I don't know, Ken"—falls under the hearsay exception for

---

[1] R. Doc. 33; R. Doc. 38.

1

present sense impressions. *See* Fed. R. Evid. 803(2); *Conboy v. Wynn Las Vegas, LLC*, No. 11-1649, 2013 WL 1701073, at *5 (D. Nev. Apr. 18, 2013) (holding that statements including "I don't know what happened" constituted present sense impressions).

>  2. *Page 18, Lines 24 through 25 and Page 19, Lines 1 through 3 – Hearsay*

OVERRULED. The statement of an opposing party is not hearsay. *See* Fed. R. Evid. 801(d)(2). An "opposing party statement" includes a statement made by a named party to the litigation. Fed. R. Evid. 801(d)(2)(A).

>  3. *Page 20, Lines 10 through 16 and Page 21, Lines 12 through 19 – Improper Lay Opinion*

SUSTAINED. "Under Fed. R. Evid. 701, a lay opinion must be based on personal perception, must be one that a normal person would form from those perceptions, and must be helpful to the jury." *United States v. Riddle*, 103 F.3d 423, 428 (5th Cir. 1997) (internal quotations omitted). Here, the witness is drawing inferences about this case based on his "specialized knowledge" regarding when and how ship captains delegate control of a vessel. Fed. R. Evid. 701. The testimony must therefore be excluded. *See United States v. Carmona-Ramos,* 638 F. App'x 351, 359 (5th Cir. 2016), *cert. denied*, No. 15-9308, 2016 WL 2840678 (U.S. June 20, 2016) (stating

that opinions "regarding how alien smugglers typically act" constituted improper lay witness testimony).

    4. *Page 32, Lines 12 through 15 – Leading, Counsel Testifying*

  OVERRULED. Here, plaintiff objects to his own attorney's question as leading. Setting aside whether this sort of self-objection is proper, counsel did not contemporaneously object to his own question and the objection is therefore waived.

    5. *Page 33, Lines 11 through 16 – Improper Lay Opinion*

  OVERRULED. The witness is not opining, he is describing the K MARINE XI's features.

    6. *Page 42, Lines 7 through 14 – Cumulative*

  OVERRULED, for same reasons as objection 4 above.

    7. *Page 60, Lines 12 through 15 – Irrelevant, Improper Lay Opinion*

  OVERRULED. The testimony is relevant because Yellow Fin has raised the witness's pay as a source of bias. Further, the answer is proper lay testimony based on the witness's own experience.

### B. Thompson's Objections to Joseph Tucker's Deposition.

1. *Page 35, Lines 8 through 19 – Leading, Assumes Facts Not In Evidence, Misstates Testimony, Counsel Is Testifying*

OVERRULED. Leading questions are permitted on cross-examination and the question assumes only facts to which the witness had already testified.

### C. Yellow Fin's Objections to Donald Riddlehoover's Deposition

1. *Page 38, Lines 19 through 20 – Speculation*

SUSTAINED. The witness's response is not "rationally based on [his] perception." Fed. R. Evid. 701.

2. *Page 45, Lines 1 through 3 – No Answer to Question.*

SUSTAINED. Counsel withdrew his question before the witness could answer.

3. *Page 45, Lines 13 through 15 – Cumulative*

SUSTAINED. Question was asked and answered on page 28.

4. *Page 57, Lines 13 through 16 – Relevancy*

OVERRULED. The witness has given multiple statements and his perception of the relative quality of his recollection at the time that he gave each statement is therefore relevant.

     5.  *Page 58, Line 5– Relevancy*

SUSTAINED.  Whether Riddlehoover's back has healed is not relevant to Thompson's claim.

### D. Yellow Fin's Objections to Joseph Tucker's Deposition

     1.  *Page 15, Lines 5 through 7 – No Answer*

SUSTAINED.  Counsel rephrased his question before the witness could answer.

### E. Yellow Fin's Objections to Kenneth Lacour's Deposition

     1.  *Page 61, Line 20 through Page 62, Line 7– Hearsay*

SUSTAINED.  Lacour's testimony regarding Tucker's statements contains hearsay; Tucker's statements were made out of court and are being offered for the truth of the matter asserted.  Thompson concedes as much, but argues that three hearsay exceptions apply: (1) statement against interest under Rule 804(b)(3); (2) excited utterance under Rule 803(2); and (3) present sense impression under 803(1).

The exception for statement against interest applies only where "the statement's proponent has not been able, by process or other reasonable means, to procure . . . the declarant's attendance *or testimony*." Fed. R. Evid. 804(5) (emphasis added).  Here, the parties have submitted Tucker's deposition testimony, and the exception therefore does not apply.  *Grace*

*United Methodist Church v. City Of Cheyenne*, 451 F.3d 643, 665 n.11 (10th Cir. 2006); *Campbell by Campbell v. Coleman Co.*, 786 F.2d 892, 896 (8th Cir. 1986).

In addition, Tucker's statements are neither present sense impressions nor excited utterances. To qualify as a present sense impression a statement must be "made while or immediately after the declarant perceived" the thing he is describing. Fed. R. Evid. 803(2). Similarly, a statement is not an excited utterance unless it was "made while the declarant was under the stress of excitement" caused by the event he is describing. Fed. R. Evid. 803(3). Lacour does not say exactly when Tucker made the challenged statements. Lacour does, however, testify that he heard the statements "in the atrium at the hotel."[2] Riddlehoover describes a meeting with the four K MARINE XI crew members at a hotel "[a] couple of days" after the allision.[3] Because the evidence before the Court suggests Tucker's statements were made days after the allision, the statements lack the "circumstantial guarantees of trustworthiness" required to qualify under the Rule 803 exceptions. *Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 280 (5th Cir. 1991) (holding that accident report filed two days after incident did not qualify

---

[2] Deposition of Kenneth Ray Lacour, Feb. 12, 2015 at 61:21.
[3] Deposition of Donald Riddlehoover, Oct. 2, 2015 at 25:10-26:11.

6

under present sense impression exception).  Because Tucker's statements are hearsay and fall under no hearsay exception, Yellow Fin's objection is sustained.

### F. Conclusion

The parties' deposition objections are resolved as described above.

New Orleans, Louisiana, this 1st day of August, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE