## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RICHARD J. THOMPSON**                          **CIVIL ACTION**

**VERSUS**                                        **NO. 15-311**

**YELLOW FIN MARINE**
**SERVICES, LLC**                                 **SECTION R(2)**

## JURY CHARGES

1.     MEMBERS OF THE JURY:  IT IS MY DUTY AND RESPONSIBILITY TO INSTRUCT YOU ON THE LAW YOU ARE TO APPLY IN THIS CASE.  THE LAW CONTAINED IN THESE INSTRUCTIONS IS THE ONLY LAW YOU MAY FOLLOW.  IT IS YOUR DUTY TO FOLLOW WHAT I INSTRUCT YOU THE LAW IS, REGARDLESS OF ANY OPINION THAT YOU MIGHT HAVE AS TO WHAT THE LAW OUGHT TO BE.

2.     IF I HAVE GIVEN YOU ANY IMPRESSION DURING THE TRIAL THAT I FAVOR EITHER PARTY, YOU MUST

DISREGARD THAT IMPRESSION.  IF I HAVE GIVEN YOU THE IMPRESSION DURING THE TRIAL THAT I HAVE AN OPINION ABOUT THE FACTS OF THIS CASE, YOU MUST DISREGARD THAT IMPRESSION.  YOU ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.  OTHER THAN MY INSTRUCTIONS TO YOU ON THE LAW, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID OR DONE DURING THE TRIAL IN ARRIVING AT YOUR VERDICT.

3.   YOU SHOULD CONSIDER ALL OF THE INSTRUCTIONS ABOUT THE LAW AS A WHOLE AND REGARD EACH INSTRUCTION IN LIGHT OF THE OTHERS WITHOUT ISOLATING A PARTICULAR STATEMENT OR PARAGRAPH.

4.   THE TESTIMONY OF THE WITNESSES AND OTHER EXHIBITS INTRODUCED BY THE PARTIES CONSTITUTE THE EVIDENCE.  THE STATEMENTS OF COUNSEL ARE NOT EVIDENCE; THEY ARE ONLY ARGUMENTS.  IT IS IMPORTANT FOR YOU TO DISTINGUISH BETWEEN THE

ARGUMENTS OF COUNSEL AND THE EVIDENCE ON WHICH THOSE ARGUMENTS REST.  WHAT LAWYERS SAY OR DO IS NOT EVIDENCE.  YOU MAY, HOWEVER, CONSIDER THEIR ARGUMENTS IN LIGHT OF THE EVIDENCE THAT HAS BEEN ADMITTED AND DETERMINE WHETHER THE EVIDENCE ADMITTED IN THIS TRIAL SUPPORTS THE ARGUMENTS.  YOU MUST DETERMINE THE FACTS FROM ALL THE TESTIMONY THAT YOU HAVE HEARD AND THE OTHER EVIDENCE SUBMITTED.  YOU ARE THE JUDGES OF THE FACTS, BUT IN FINDING THOSE FACTS, YOU MUST APPLY THE LAW AS I INSTRUCT YOU.

5.     YOU ARE REQUIRED BY LAW TO DECIDE THE CASE IN A FAIR, IMPARTIAL, AND UNBIASED MANNER, BASED ENTIRELY ON THE LAW AND ON THE EVIDENCE PRESENTED TO YOU IN THE COURTROOM.

## BIAS - CORPORATIONS

6.   DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR DELIBERATIONS. A CORPORATION AND ALL OTHER PERSONS ARE EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE.

## BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

7.   IN THIS CASE, THE PLAINTIFF, MR. THOMPSON HAS THE BURDEN OF PROVING HIS CASE BY A PREPONDERANCE OF THE EVIDENCE.   SIMILARLY YELLOW FIN, THE DEFENDANT, HAS THE BURDEN OF PROVING ITS COUNTERCLAIM BY A PREPONDERANCE OF THE EVIDENCE.   TO ESTABLISH SOMETHING BY "A PREPONDERANCE OF THE EVIDENCE" MEANS TO PROVE THAT SOMETHING IS MORE LIKELY TO BE SO THAN NOT SO.

8.   IN DETERMINING WHETHER ANY FACT HAS BEEN

PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THE CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM. IF YOU FIND THAT A PARTY HAS FAILED TO PROVE ANY ELEMENT OF A CLAIM OR COUNTERCLAIM BY A PREPONDERANCE OF THE EVIDENCE, THEN THE PARTY MAY NOT RECOVER ON THAT CLAIM.

## CONSIDERATION OF THE EVIDENCE

9. AS I INSTRUCTED YOU, THE EVIDENCE YOU ARE TO CONSIDER CONSISTS OF THE TESTIMONY OF THE WITNESSES, THE DOCUMENTS AND OTHER EXHIBITS ADMITTED INTO EVIDENCE, AND ANY FAIR INFERENCES AND REASONABLE CONCLUSIONS YOU CAN DRAW FROM THE FACTS AND CIRCUMSTANCES THAT HAVE BEEN PROVEN.

10.   GENERALLY SPEAKING, THERE ARE TWO TYPES OF EVIDENCE.   ONE IS DIRECT EVIDENCE, SUCH AS TESTIMONY OF AN EYEWITNESS.   THE OTHER IS INDIRECT   OR   CIRCUMSTANTIAL   EVIDENCE. CIRCUMSTANTIAL EVIDENCE IS EVIDENCE THAT PROVES A FACT FROM WHICH YOU CAN LOGICALLY CONCLUDE ANOTHER FACT EXISTS.   AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

## WITNESSES

11.   YOU ALONE ARE TO DETERMINE THE QUESTIONS OF CREDIBILITY OR TRUTHFULNESS OF THE WITNESSES. IN WEIGHING THE TESTIMONY OF THE WITNESSES, YOU MAY CONSIDER THE WITNESS'S MANNER AND DEMEANOR ON THE WITNESS STAND, ANY FEELINGS

OR INTEREST IN THE CASE, OR ANY PREJUDICE OR BIAS ABOUT THE CASE, THAT HE OR SHE MAY HAVE, AND THE CONSISTENCY OR INCONSISTENCY OF HIS OR HER TESTIMONY CONSIDERED IN THE LIGHT OF THE CIRCUMSTANCES. HAS THE WITNESSES BEEN CONTRADICTED BY OTHER CREDIBLE EVIDENCE? HAS HE OR SHE MADE STATEMENTS AT OTHER TIMES AND PLACES CONTRARY TO THOSE MADE HERE ON THE WITNESS STAND? YOU MUST GIVE THE TESTIMONY OF EACH WITNESS THE CREDIBILITY THAT YOU THINK IT DESERVES.

12. EVEN THOUGH A WITNESS MAY BE A PARTY TO THE ACTION AND THEREFORE INTERESTED IN ITS OUTCOME, THE TESTIMONY MAY BE ACCEPTED IF IT IS NOT CONTRADICTED BY DIRECT EVIDENCE OR BY ANY INFERENCE THAT MAY BE DRAWN FROM THE EVIDENCE, IF YOU BELIEVE THE TESTIMONY.

13. YOU ARE NOT TO DECIDE THIS CASE BY COUNTING THE

7

NUMBER OF WITNESSES WHO HAVE TESTIFIED ON THE OPPOSING SIDES.  WITNESS TESTIMONY IS WEIGHED; WITNESSES ARE NOT COUNTED.  THE TEST IS NOT THE RELATIVE NUMBER OF WITNESSES, BUT THE RELATIVE CONVINCING FORCE OF THE EVIDENCE.  THE TESTIMONY OF A SINGLE WITNESS IS SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL OF THE EVIDENCE, YOU BELIEVE THAT WITNESS.

**IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS**

14.  IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, CONSIDER WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY GIVEN AT THE TRIAL.

15.   A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS DID NOT TELL THE TRUTH AS HE OR SHE REMEMBERS IT.  PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY.   IF A WITNESS MADE A MISSTATEMENT,   CONSIDER   WHETHER   THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT MISTAKE.  THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

## DEPOSITION TESTIMONY

16.  CERTAIN TESTIMONY WAS PRESENTED TO YOU THROUGH A DEPOSITION.   A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED A WITNESS IN ADVANCE OF TRIAL.   UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT

WITNESS'S TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION.  SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THIS WITNESS UNDER OATH.  A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY.  SOME OF THE QUESTIONS AND ANSWERS WERE SHOWN TO YOU DURING THE TRIAL.  THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION AND WEIGHED AND OTHERWISE CONSIDERED BY YOU IN THE SAME WAY AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.

## EXPERT WITNESSES

17.	WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS.  HOWEVER,

10

**YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION.  AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.**

## ADMISSIBILITY OF EVIDENCE

18.   **DURING THE COURSE OF THE TRIAL, YOU HAVE HEARD OBJECTIONS TO EVIDENCE.   IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR EVIDENCE THAT THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE.  YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.**

19.   **WHEN THE COURT ALLOWS TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE**

WEIGHT OR EFFECT OF THAT EVIDENCE.  AS STATED BEFORE, THE JURORS ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

20.   WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, YOU MUST DISREGARD THE QUESTION ENTIRELY, AND YOU MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION.]

## CLAIMS IN THE CASE

21.   THE PLAINTIFF IN THIS CASE, MR. THOMPSON, SEEKS MONEY DAMAGES FOR INJURIES THAT HE SUSTAINED ON AUGUST 1, 2014 WHILE WORKING ON BOARD THE K MARINE XI.   MR. THOMPSON ALLEGES THAT HE INJURED BOTH OF HIS HIPS WHEN THE K MARINE XI COLLIDED WITH THE FIELDWOOD PLATFORM.   HE

CLAIMS THAT HIS INJURY WAS CAUSED BY YELLOW FIN'S NEGLIGENCE AND FAILURE TO FURNISH A SEAWORTHY VESSEL.

22.   YELLOW FIN DENIES LIABILITY.  IT CLAIMS THAT THE ACCIDENT WAS NOT THE RESULT OF ITS NEGLIGENCE AND THAT THE K MARINE XI WAS NOT UNSEAWORTHY. YELLOW FIN CONTENDS THAT IT DID NOT CAUSE THE INJURIES FOR WHICH MR. THOMPSON SEEKS COMPENSATION.

23.   YELLOW FIN ALSO SEEKS MONEY DAMAGES FROM MR. THOMPSON.  YELLOW FIN ALLEGES THAT BOTH THE K MARINE XI AND THE FIELDWOOD PLATFORM WERE DAMAGED IN THE COLLISION.  IT CLAIMS THAT THIS DAMAGE WAS CAUSED BY MR. THOMPSON'S NEGLIGENCE.

24.   MR. THOMPSON DENIES LIABILITY FOR YELLOW FIN'S CLAIMS.  MR. THOMPSON CONTENDS THAT HE WAS

NOT NEGLIGENT AND DID NOT CAUSE THE DAMAGE TO THE K MARINE XI AND FIELDWOOD PLATFORM.

### PLAINTIFF'S CLAIMS

25. MR. THOMPSON IS ASSERTING TWO SEPARATE CLAIMS AGAINST YELLOW FIN.

26. MR. THOMPSON'S FIRST CLAIM, UNDER THE FEDERAL LAW KNOWN AS THE JONES ACT, IS THAT HIS EMPLOYER, YELLOW FIN, WAS NEGLIGENT, AND THAT THIS NEGLIGENCE WAS A CAUSE OF HIS INJURIES. MR. THOMPSON'S SECOND CLAIM IS THAT THE UNSEAWORTHINESS OF THE K MARINE XI CAUSED HIS INJURIES.

27. YOU MUST CONSIDER THESE CLAIMS SEPARATELY. MR. THOMPSON IS NOT REQUIRED TO PROVE ALL OF THESE CLAIMS.  HE MAY RECOVER IF HE PROVES ANY ONE OF THEM. HOWEVER, HE MAY RECOVER ONLY THOSE DAMAGES OR BENEFITS THE LAW PROVIDES FOR THE

CLAIMS THAT HE PROVES, AND HE MAY NOT RECOVER THE SAME DAMAGES OR BENEFITS MORE THAN ONCE.

## JONES ACT

28.  MR. THOMPSON'S FIRST CLAIM AGAINST YELLOW FIN IS ASSERTED UNDER THE JONES ACT.  THE JONES ACT IS A FEDERAL LAW THAT PROVIDES A REMEDY TO ANY SEAMAN WHO SUFFERS PERSONAL INJURIES IN THE COURSE OF AND SCOPE OF HIS EMPLOYMENT DUE TO THE NEGLIGENCE OR FAULT OF HIS EMPLOYER.

29.  IN ORDER TO PREVAIL ON HIS JONES ACT CLAIM, MR. THOMPSON MUST ESTABLISH EACH OF THE FOLLOWING ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE:

   a. THAT THE DEFENDANT, YELLOW FIN, WAS "NEGLIGENT," AS CLAIMED.

   b. THAT SUCH NEGLIGENCE WAS A LEGAL CAUSE OF DAMAGE SUSTAINED BY PLAINTIFF.

30.   **NEGLIGENCE IS DOING AN ACT THAT A REASONABLY PRUDENT PERSON WOULD NOT DO, OR FAILING TO DO SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD DO, UNDER THE SAME OR SIMILAR CIRCUMSTANCES. THE OCCURRENCE OF AN ACCIDENT, STANDING ALONE, DOES NOT MEAN THAT ANYONE WAS NEGLIGENT OR THAT ANYONE'S NEGLIGENCE CAUSED THE ACCIDENT.**

31.   **IN A JONES ACT CLAIM, THE WORD "NEGLIGENCE" IS LIBERALLY INTERPRETED. IT INCLUDES ANY BREACH OF DUTY THAT AN EMPLOYER OWES TO ITS EMPLOYEES WHO ARE SEAMEN, INCLUDING THE DUTY OF PROVIDING FOR THE SAFETY OF THE CREW. UNDER THE JONES ACT, IF THE EMPLOYER'S NEGLIGENT ACT WAS THE CAUSE, IN WHOLE OR IN PART, OF INJURY TO A SEAMAN EMPLOYEE, THEN YOU MUST FIND THAT THE EMPLOYER IS LIABLE UNDER THE JONES ACT.  IN OTHER WORDS, UNDER THE JONES ACT, YELLOW FIN**

BEARS THE RESPONSIBILITY FOR ANY NEGLIGENCE THAT PLAYED A PART, HOWEVER SLIGHT, IN CAUSING MR. THOMPSON'S INJURY.

32.   NEGLIGENCE UNDER THE JONES ACT MAY CONSIST OF A FAILURE TO COMPLY WITH A DUTY REQUIRED BY LAW. EMPLOYERS OF SEAMEN HAVE A DUTY TO PROVIDE THEIR EMPLOYEES WITH A REASONABLY SAFE PLACE TO WORK. IF YOU FIND THAT MR. THOMPSON WAS INJURED BECAUSE YELLOW FIN FAILED TO FURNISH HIM WITH A REASONABLY SAFE PLACE TO WORK, AND THAT MR. THOMPSON'S WORKING CONDITIONS COULD HAVE BEEN MADE SAFE THROUGH THE EXERCISE OF REASONABLE CARE, THEN YOU MUST FIND THAT DEFENDANT YELLOWFIN WAS NEGLIGENT.

33.   THAT YELLOW FIN CONDUCTED ITS OPERATIONS IN A MANNER SIMILAR TO THAT OF OTHER COMPANIES IS NOT CONCLUSIVE AS TO WHETHER YELLOW FIN WAS

**NEGLIGENT OR NOT.**

34. **YOU MUST DETERMINE IF THE OPERATION IN QUESTION WAS REASONABLY SAFE UNDER THE CIRCUMSTANCES. THAT A CERTAIN PRACTICE HAD BEEN CONTINUED FOR A LONG PERIOD OF TIME DOES NOT NECESSARILY MEAN THAT IT IS REASONABLY SAFE UNDER ALL CIRCUMSTANCES. A LONG-ACCEPTED PRACTICE MAY BE AN UNSAFE PRACTICE. A PRACTICE IS NOT NECESSARILY UNSAFE OR UNREASONABLE MERELY BECAUSE IT INJURES SOMEONE.**

35. **A SEAMAN'S EMPLOYER IS LEGALLY RESPONSIBLE FOR THE NEGLIGENCE OF ONE OF ITS EMPLOYEES WHILE THAT EMPLOYEE IS ACTING WITHIN THE COURSE AND SCOPE OF HIS JOB.**

36. **IF YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT YELLOW FIN ASSIGNED MR. THOMPSON TO PERFORM A TASK THAT MR. THOMPSON**

**WAS NOT ADEQUATELY TRAINED TO PERFORM, YOU MUST FIND THAT YELLOW FIN WAS NEGLIGENT.**

## CAUSATION UNDER THE JONES ACT

37. **NOT EVERY INJURY THAT FOLLOWS AN ACCIDENT NECESSARILY RESULTS FROM IT. THE ACCIDENT MUST BE THE CAUSE OF THE INJURY.**

38. **IN ADDITION, UNDER THE JONES ACT, AN INJURY OR DAMAGE IS CONSIDERED CAUSED BY AN ACT OR FAILURE TO ACT IF THE ACT OR OMISSION BROUGHT ABOUT OR ACTUALLY CAUSED THE INJURY OR DAMAGE, IN WHOLE OR IN PART. IN OTHER WORDS, UNDER THE JONES ACT, A DEFENDANT AND A PLAINTIFF EACH BEAR THE RESPONSIBILITY FOR ANY NEGLIGENCE THAT PLAYED A PART, HOWEVER SLIGHT, IN CAUSING THE PLAINTIFF'S INJURY.**

## UNSEAWORTHINESS

39. **MR. THOMPSON ALSO CLAIMS THAT HIS INJURIES**

WERE CAUSED BY THE UNSEAWORTHINESS OF THE K MARINE XI BECAUSE YELLOW FIN DID NOT PROVIDE AN ADEQUATE CREW FOR THE OPERATION IN WHICH HE WAS INJURED.

40. IN ORDER TO PREVAIL ON HIS UNSEAWORTHINESS CLAIM, MR. THOMPSON MUST PROVE THE FOLLOWING ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE:

a. THAT THE K MARINE XI WAS UNSEAWORTHY, AS CLAIMED; AND

b. THAT A CLAIMED UNSEAWORTHY CONDITION WAS A PROXIMATE CAUSE OF DAMAGES TO THE PLAINTIFF.

41. A SHIPOWNER OWES EVERY MEMBER OF THE CREW EMPLOYED ON ITS VESSEL THE ABSOLUTE DUTY TO KEEP AND MAINTAIN THE VESSEL AND ALL ITS DECKS AND PASSAGEWAYS, APPLIANCES, GEAR, TOOLS, PARTS AND EQUIPMENT IN A SEAWORTHY CONDITION AT ALL

TIMES.

42.   A SEAWORTHY VESSEL IS ONE THAT IS REASONABLY FIT FOR ITS INTENDED USE. THE DUTY TO PROVIDE A SEAWORTHY VESSEL IS ABSOLUTE BECAUSE THE OWNER MAY NOT DELEGATE THAT DUTY TO ANYONE. LIABILITY FOR AN UNSEAWORTHY CONDITION DOES NOT IN ANY WAY DEPEND ON NEGLIGENCE OR FAULT OR BLAME. IF AN OWNER DOES NOT PROVIDE A SEAWORTHY VESSEL—A VESSEL THAT IS REASONABLY FIT FOR ITS INTENDED USE—NO AMOUNT OF CARE OR PRUDENCE EXCUSES THE OWNER.

43.   THE DUTY TO PROVIDE A SEAWORTHY VESSEL INCLUDES THE DUTY TO SUPPLY AN ADEQUATE AND COMPETENT CREW. A VESSEL MAY BE UNSEAWORTHY EVEN THOUGH IT HAS A NUMERICALLY ADEQUATE CREW, IF TOO FEW PERSONS ARE ASSIGNED TO A GIVEN TASK.

21

44.   HOWEVER, THE VESSEL OWNER IS NOT REQUIRED TO FURNISH AN ACCIDENT-FREE SHIP. IT NEED ONLY FURNISH A VESSEL AND APPURTENANCES THAT ARE REASONABLY FIT FOR THE INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE FOR THE ASSIGNED TASKS.

45.   THE VESSEL OWNER IS NOT REQUIRED TO PROVIDE THE BEST APPLIANCES AND EQUIPMENT, OR THE FINEST CREWS, ON ITS VESSEL. AN OWNER IS REQUIRED TO PROVIDE ONLY GEAR THAT IS REASONABLY PROPER AND SUITABLE FOR ITS INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE.

46.   IN SUMMARY, IF YOU FIND THAT THE VESSEL OWNER DID NOT PROVIDE AN ADEQUATE CREW OF SUFFICIENT NUMBER TO PERFORM THE TASKS REQUIRED, OR IF YOU FIND THAT THE VESSEL WAS IN ANY MANNER UNFIT UNDER THE LAW AS I HAVE EXPLAINED IT TO

YOU AND THAT THIS WAS A PROXIMATE CAUSE OF THE INJURY, A TERM I WILL EXPLAIN TO YOU, THEN YOU MAY FIND THAT THE VESSEL WAS UNSEAWORTHY AND THE VESSEL OWNER LIABLE, WITHOUT CONSIDERING ANY NEGLIGENCE ON THE PART OF THE VESSEL OWNER OR ANY OF ITS EMPLOYEES.

47.   HOWEVER, IF YOU FIND THAT THE OWNER HAD A CAPABLE CREW, AND HAD APPLIANCES AND GEAR THAT WERE SAFE AND SUITABLE FOR THEIR INTENDED USE, THEN THE VESSEL WAS NOT UNSEAWORTHY AND YELLOW FIN IS NOT LIABLE TO MR. THOMPSON ON THE CLAIM OF UNSEAWORTHINESS.

## CAUSATION FOR UNSEAWORTHINESS

48.   FOR HIS UNSEAWORTHINESS CLAIM, MR. THOMPSON MUST SHOW NOT MERELY THAT THE UNSEAWORTHY CONDITION WAS A CAUSE OF HIS INJURY, BUT THAT THIS CONDITION WAS A PROXIMATE CAUSE OF IT.  THIS

MEANS THAT MR. THOMPSON MUST SHOW THAT THE CONDITION IN QUESTION PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING HIS INJURY, AND THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE CONDITION.

## CONTRIBUTORY NEGLIGENCE

49. YELLOW FIN CONTENDS THAT MR. THOMPSON WAS NEGLIGENT AND THAT MR. THOMPSON'S NEGLIGENCE CAUSED OR CONTRIBUTED TO CAUSING HIS INJURY. THIS IS THE DEFENSE OF CONTRIBUTORY NEGLIGENCE. MR. THOMPSON'S NEGLIGENCE WILL BE CONSIDERED A CAUSE OF THE INJURY IF IT PLAYED A PART—NO MATTER HOW SLIGHT—IN BRINGING ABOUT HIS INJURY. YELLOW FIN HAS THE BURDEN OF PROVING THAT MR. THOMPSON WAS CONTRIBUTORILY NEGLIGENT. IF MR. THOMPSON'S NEGLIGENCE CONTRIBUTED TO HIS INJURY, HE MAY STILL RECOVER

DAMAGES, BUT THE AMOUNT OF HIS RECOVERY WILL
BE REDUCED BY THE EXTENT OF HIS CONTRIBUTORY
NEGLIGENCE.

50. A SEAMAN IS OBLIGATED UNDER THE JONES ACT TO
ACT WITH ORDINARY PRUDENCE UNDER THE
CIRCUMSTANCES. THE CIRCUMSTANCES OF A
SEAMAN'S EMPLOYMENT INCLUDE NOT ONLY HIS
RELIANCE ON HIS EMPLOYER TO PROVIDE A SAFE
WORK ENVIRONMENT, BUT ALSO HIS OWN
EXPERIENCE, TRAINING AND EDUCATION. UNDER THE
JONES ACT, A SEAMAN HAS THE DUTY TO EXERCISE
THAT DEGREE OF CARE FOR HIS OWN SAFETY THAT A
REASONABLE SEAMAN WOULD EXERCISE IN LIKE
CIRCUMSTANCES.

51. IF YOU FIND THAT YELLOW FIN WAS NEGLIGENT, OR
THE K MARINE XI WAS UNSEAWORTHY, AND THAT
THIS NEGLIGENCE OR UNSEAWORTHINESS, OR BOTH,
WAS A PROXIMATE CAUSE OF MR THOMPSON'S INJURY,

BUT YOU ALSO FIND THAT THE ACCIDENT WAS DUE PARTLY TO MR. THOMPSON'S CONTRIBUTORY NEGLIGENCE, THEN YOU MUST DETERMINE THE PERCENTAGE THAT MR. THOMPSON'S NEGLIGENCE CONTRIBUTED TO THE ACCIDENT. YOU WILL PROVIDE THIS INFORMATION BY FILLING IN THE APPROPRIATE BLANKS IN THE JURY QUESTIONS. DO NOT MAKE ANY REDUCTION IN THE AMOUNT OF DAMAGES THAT YOU AWARD TO MR. THOMPSON. IT IS MY JOB TO REDUCE ANY DAMAGES THAT YOU AWARD BY ANY PERCENTAGE OF CONTRIBUTORY NEGLIGENCE THAT YOU ASSIGN TO MR. THOMPSON.

## YELLOW FIN'S COUNTERCLAIM

52. YELLOW FIN IS ASSERTING A COUNTERCLAIM AGAINST MR. THOMPSON, ALLEGING THAT MR. THOMPSON WAS NEGLIGENT AND THAT HIS NEGLIGENCE CAUSED DAMAGE TO THE K MARINE XI AND THE FIELDWOOD PLATFORM

53. IN ORDER TO PREVAIL ON ITS COUNTERCLAIM, YELLOW FIN MUST ESTABLISH EACH OF THE FOLLOWING ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE:

    a. THAT THE PLAINTIFF, MR. THOMPSON, WAS "NEGLIGENT," AS CLAIMED.

    b. THAT SUCH NEGLIGENCE WAS A LEGAL CAUSE OF DAMAGE SUSTAINED BY YELLOW FIN.

54. AS I INSTRUCTED YOU BEFORE, NEGLIGENCE IS DOING AN ACT THAT A REASONABLY PRUDENT PERSON WOULD NOT DO, OR FAILING TO DO SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD DO, UNDER THE SAME OR SIMILAR CIRCUMSTANCES. THE OCCURRENCE OF AN ACCIDENT, STANDING ALONE, DOES NOT MEAN THAT ANYONE WAS NEGLIGENT OR THAT ANYONE'S NEGLIGENCE CAUSED THE ACCIDENT.

55. A CAPTAIN OF A VESSEL HAS A DUTY TO THE VESSEL'S

OWNER TO ACT WITH REASONABLE CARE TO PROTECT THE VESSEL AND KEEP IT AND PERSONS ABOARD IT FROM HARM. YOU MUST DETERMINE IF MR. THOMPSON'S ACTIONS WERE REASONABLY SAFE UNDER THE CIRCUMSTANCES. THAT A CERTAIN PRACTICE HAD BEEN CONTINUED FOR A LONG PERIOD OF TIME DOES NOT NECESSARILY MEAN THAT IT IS REASONABLY SAFE UNDER ALL CIRCUMSTANCES. A LONG-ACCEPTED PRACTICE MAY BE AN UNSAFE PRACTICE. A PRACTICE IS NOT NECESSARILY UNSAFE OR UNREASONABLE MERELY BECAUSE IT INJURES SOMEONE.

56. WHAT IS REASONABLY SAFE IN ANY PARTICULAR SITUATION IS IN PROPORTION TO THE ACTOR'S KNOWLEDGE OF THE DANGER TO ANOTHER IN THE ACT TO BE PERFORMED. THE DEGREE OF CARE OR LEVEL OF SAFETY NECESSARY TO AVOID BEING NEGLIGENT IN ANY PARTICULAR OCCASION IS MEASURED BY

REFERENCE TO THE CIRCUMSTANCES OF DANGER AND RISK KNOWN TO SUCH PERSON AT THE TIME. CONDUCT WHICH WILL BE CONSIDERED EXTREMELY CAREFUL UNDER ONE CONDITION OF KNOWLEDGE, AND ONE STATE OF CIRCUMSTANCES, MAY BE GROSSLY NEGLIGENT WITH DIFFERENT KNOWLEDGE AND IN CHANGED CIRCUMSTANCES.

57.   AS I INSTRUCTED YOU BEFORE, NOT EVERY INJURY THAT FOLLOWS AN ACCIDENT NECESSARILY RESULTS FROM IT.  THE ACCIDENT MUST BE THE CAUSE OF THE INJURY.  EVEN IF YOU FIND THAT MR. THOMPSON WAS NEGLIGENT, YOU SHOULD NOT AWARD DAMAGES FOR ANY INJURY OR CONDITION FROM WHICH YELLOW FIN MAY HAVE SUFFERED, OR MAY NOW BE SUFFERING, UNLESS IT HAS BEEN ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE IN THE CASE THAT SUCH INJURY OR CONDITION WAS PROXIMATELY CAUSED BY MR. THOMPSON'S ACTIONS. AN INJURY OR

CONDITION IS PROXIMATELY CAUSED BY AN ACT, OR FAILURE TO ACT, WHENEVER IT APPEARS FROM THE EVIDENCE IN THE CASE, THAT THE ACT OR OMISSION PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING THE INJURY OR DAMAGE, AND THAT THE INJURY OR DAMAGE WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE ACT OR OMISSION.

58. IF YOU FIND THAT MR. THOMPSON WAS NEGLIGENT, AND THAT THIS NEGLIGENCE, WAS A PROXIMATE CAUSE OF YELLOW FIN'S INJURY, BUT YOU ALSO FIND THAT THE ACCIDENT WAS DUE PARTLY TO YELLOW FIN'S NEGLIGENCE OR THE UNSEAWORTHINESS OF THE K MARINE XI, THEN YOU MUST DETERMINE THE PERCENTAGE THAT YELLOW FIN'S NEGLIGENCE AND THE K MARINE XI'S UNSEAWORTHINESS CONTRIBUTED TO THE ACCIDENT. YOU WILL PROVIDE THIS INFORMATION BY FILLING IN THE APPROPRIATE

**BLANKS IN THE JURY QUESTIONS. DO NOT MAKE ANY REDUCTION IN THE AMOUNT OF DAMAGES THAT YOU AWARD TO YELLOW FIN. IT IS MY JOB TO REDUCE ANY DAMAGES THAT YOU AWARD BY ANY PERCENTAGE OF CONTRIBUTORY NEGLIGENCE THAT YOU ASSIGN TO YELLOW FIN.**

<u>**CONSIDER DAMAGES ONLY IF NECESSARY**</u>

59.   **IF MR. THOMPSON HAS PROVEN HIS CLAIM AGAINST YELLOW FIN BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST DETERMINE THE DAMAGES TO WHICH MR. THOMPSON IS ENTITLED. SIMILARLY, IF YELLOW FIN HAS PROVEN ITS COUNTERCLAIM AGAINST MR. THOMPSON BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST DETERMINE THE DAMAGES TO WHICH YELLOW FIN IS ENTITLED. YOU SHOULD NOT INTERPRET THE FACT THAT I GIVE YOU INSTRUCTIONS ABOUT DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT EITHER PARTY SHOULD, OR SHOULD**

NOT, WIN THIS CASE.  IT IS YOUR TASK FIRST TO DECIDE WHETHER A PARTY IS LIABLE.  I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT THE A PARTY IS LIABLE AND THAT THE OTHER PARTY IS ENTITLED TO RECOVER MONEY.

## DAMAGES

60. IF YOU FIND THAT A PARTY IS LIABLE, YOU MUST AWARD THE AMOUNT YOU FIND BY A PREPONDERANCE OF THE EVIDENCE AS FULL AND JUST COMPENSATION FOR ALL OF THE INJURED PARTIES' DAMAGES.

61. COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AGAINST A PARTY. SUCH DAMAGES CANNOT BE BASED ON SPECULATION, BECAUSE COMPENSATORY DAMAGES MUST BE ACTUAL DAMAGES TO BE RECOVERABLE. COMPENSATORY DAMAGES ARE INTENDED TO MAKE A PARTY WHOLE, OR TO RESTORE

**THE PARTY TO THE POSITION IT WOULD HAVE BEEN IN IF THE ACCIDENT HAD NOT HAPPENED.**

## <u>MR. THOMPSON</u>

62. **IN DETERMINING COMPENSATORY DAMAGES FOR MR. THOMPSON, YOU SHOULD CONSIDER ONLY THE FOLLOWING ELEMENTS, TO THE EXTENT YOU FIND THAT MR. THOMPSON HAS ESTABLISHED THEM BY A PREPONDERANCE OF THE EVIDENCE: PAST AND FUTURE PHYSICAL PAIN AND SUFFERING, INCLUDING PHYSICAL DISABILITY, IMPAIRMENT, AND INCONVENIENCE, AND THE EFFECT OF MR. THOMPSON'S INJURIES AND INCONVENIENCE ON THE NORMAL PURSUITS AND PLEASURES OF LIFE; PAST AND FUTURE MENTAL ANGUISH AND FEELINGS OF ECONOMIC INSECURITY CAUSED BY DISABILITY; INCOME LOSS IN THE PAST; IMPAIRMENT OF EARNING CAPACITY OR ABILITY IN THE FUTURE, INCLUDING IMPAIRMENT OF MR. THOMPSON'S EARNING CAPACITY**

**DUE TO HIS PHYSICAL CONDITION; AND PAST MEDICAL EXPENSES.**

63. **A DEFENDANT TAKES ITS VICTIM AS IT FINDS HIM, AND IS RESPONSIBLE FOR ALL NATURAL AND PROBABLE CONSEQUENCES OF ITS WRONGFUL CONDUCT.  YOU MAY AWARD DAMAGES IF YOU FIND THAT AN EXISTING PHYSICAL DEFECT OF MR. THOMPSON'S WAS AGGRAVATED BY THE ACCIDENT.  IF YOU FIND THAT THERE WAS SUCH AN AGGRAVATION, YOU SHOULD DETERMINE, IF YOU CAN, WHAT PORTION OF THE PLAINTIFF'S CONDITION RESULTED FROM THE AGGRAVATION, AND AWARD DAMAGES ONLY FOR THE AGGRAVATION.  MR. THOMPSON IS ENTITLED TO RECOVER ONLY FOR THE INJURIES HE SUSTAINED AS A CAUSAL RESULT OF THE ACCIDENT, AND HE MUST PROVE THROUGH MEDICAL TESTIMONY THAT IT IS MORE PROBABLE THAN NOT THAT ANY GIVEN INJURY WAS CAUSED BY TRAUMA SUFFERED IN THE ACCIDENT.**

64.  IF YOU FIND THAT MR. THOMPSON IS ENTITLED TO AN AWARD OF DAMAGES FOR LOSS OF PAST OR FUTURE EARNINGS, THERE ARE TWO PARTICULAR FACTORS YOU MUST CONSIDER. FIRST YOU SHOULD CONSIDER LOSS AFTER INCOME TAXES; THAT IS YOU SHOULD DETERMINE THE ACTUAL OR NET INCOME THAT MR. THOMPSON HAS LOST OR WILL LOSE, TAKING INTO CONSIDERATION THAT ANY PAST OR FUTURE EARNINGS WOULD BE SUBJECT TO INCOME TAXES. YOU MUST AWARD MR. THOMPSON ONLY HIS NET EARNINGS AFTER TAX. THIS IS SO BECAUSE ANY AWARD YOU MAY MAKE HERE IS NOT SUBJECT TO INCOME TAX. THE FEDERAL OR STATE GOVERNMENT WILL NOT TAX ANY AMOUNT THAT YOU AWARD ON THIS BASIS.

65.  SECOND, AN AMOUNT TO COVER A FUTURE LOSS OF EARNINGS IS MORE VALUABLE TO MR. THOMPSON IF HE RECEIVED THE AMOUNT TODAY THAN IF HE

RECEIVED THE SAME AMOUNT IN THE FUTURE. IF YOU DECIDE TO AWARD MR. THOMPSON AN AMOUNT FOR LOST FUTURE EARNINGS, YOU MUST DISCOUNT THAT AMOUNT TO PRESENT VALUE BY CONSIDERING WHAT RETURN WOULD BE REALIZED ON A RELATIVELY RISK FREE INVESTMENT AND DEDUCTING THAT AMOUNT FROM THE GROSS FUTURE EARNING AWARD.

66. HOWEVER, SOME OF THESE DAMAGES, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, ARE INTANGIBLE THINGS ABOUT WHICH NO EVIDENCE OF VALUE IS REQUIRED. IN AWARDING THESE DAMAGES, YOU ARE NOT DETERMINING VALUE, INSTEAD DETERMINING WHAT AMOUNT THAT WILL FAIRLY COMPENSATE MR. THOMPSON FOR HIS INJURIES.

## YELLOW FIN

67. TO RECOVER FOR INJURY TO PROPERTY, YELLOW FIN IS ENTITLED TO RECOVER THE REASONABLE COST OF

**REPAIRS NECESSARY TO RESTORE THE DAMAGED PROPERTY TO ITS PRE-ACCIDENT CONDITION.**

## PARTY'S DUTY TO MITIGATE DAMAGES

68. **A PARTY WHO CLAIMS DAMAGES RESULTING FROM THE WRONGFUL ACT OF ANOTHER HAS A DUTY UNDER THE LAW TO USE REASONABLE DILIGENCE TO MITIGATE, THAT IS, TO AVOID OR MINIMIZE, THOSE DAMAGES.**

69. **IF YOU FIND YELLOW FIN IS LIABLE AND MR. THOMPSON HAS SUFFERED DAMAGES, MR. THOMPSON MAY NOT RECOVER FOR ANY ITEM OF DAMAGE WHICH HE COULD HAVE AVOIDED THROUGH REASONABLE EFFORT.  IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE MR. THOMPSON UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY TO LESSEN HIS DAMAGES, YOU SHOULD DENY HIM RECOVERY FOR THOSE DAMAGES THAT HE WOULD HAVE AVOIDED**

HAD HE TAKEN ADVANTAGE OF THE OPPORTUNITY. THE SAME IS TRUE FOR YELLOW FIN'S COUNTERCLAIM: EVEN IF YELLOW FIN PROVES ITS CASE, IT MAY NOT RECOVER FOR ANY ITEM OF DAMAGE WHICH IT COULD HAVE AVOIDED THROUGH REASONABLE EFFORT.

70. YOU ARE THE SOLE JUDGE OF WHETHER A PARTY ACTED REASONABLY IN AVOIDING OR MINIMIZING ITS DAMAGES.  AN INJURED PARTY MAY NOT SIT IDLY BY WHEN PRESENTED WITH AN OPPORTUNITY TO REDUCE ITS DAMAGES.   HOWEVER, THE PARTY IS NOT REQUIRED TO EXERCISE UNREASONABLE EFFORTS OR INCUR UNREASONABLE EXPENSES IN MITIGATING THE DAMAGES.  YELLOW FIN HAS THE BURDEN OF PROVING THE DAMAGES WHICH MR. THOMPSON COULD HAVE MITIGATED, AND MR. THOMPSON HAS THE BURDEN OF PROVING THE DAMAGES WHICH YELLOW FIN COULD HAVE MITIGATED.  IN DECIDING WHETHER TO REDUCE DAMAGES BECAUSE OF FAILURE TO MITIGATE, YOU

MUST WEIGH ALL THE EVIDENCE IN LIGHT OF THE PARTICULAR CIRCUMSTANCES OF THE CASE, USING SOUND DISCRETION IN DECIDING WHETHER THE RELEVANT PARTY HAS SATISFIED HIS BURDEN OF PROVING THAT THE FAILURE TO MITIGATE WAS NOT REASONABLE.

## DELIBERATIONS

71. IT IS NOW YOUR DUTY TO DELIBERATE AND TO CONSULT WITH ONE ANOTHER IN AN EFFORT TO REACH A VERDICT. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE WITH YOUR FELLOW JURORS. DURING YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN OPINIONS AND CHANGE YOUR MIND IF YOU ARE CONVINCED THAT YOU WERE WRONG. BUT DO NOT GIVE UP ON YOUR HONEST BELIEFS BECAUSE THE OTHER JURORS THINK DIFFERENTLY, OR JUST TO FINISH THE CASE.

72.   REMEMBER AT ALL TIMES, YOU ARE THE JUDGES OF THE FACTS. YOU HAVE BEEN ALLOWED TO TAKE NOTES DURING THIS TRIAL. ANY NOTES THAT YOU TOOK DURING THIS TRIAL ARE ONLY AIDS TO MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES. THE NOTES ARE NOT EVIDENCE. IF YOU DID NOT TAKE NOTES, RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND DO NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

73.   WHEN YOU GO INTO THE JURY ROOM TO DELIBERATE, YOU MAY TAKE WITH YOU A COPY OF THIS CHARGE, THE EXHIBITS THAT I HAVE ADMITTED INTO EVIDENCE, AND YOUR NOTES. YOU MUST SELECT A JURY FOREPERSON TO GUIDE YOU IN YOUR

**DELIBERATIONS AND TO SPEAK FOR YOU HERE IN THE COURTROOM.**

74. **YOUR VERDICT MUST BE UNANIMOUS. AFTER YOU HAVE REACHED A UNANIMOUS VERDICT, YOUR JURY FOREPERSON MUST FILL OUT THE ANSWERS TO THE WRITTEN QUESTIONS ON THE VERDICT FORM AND SIGN AND DATE IT. AFTER YOU HAVE CONCLUDED YOUR SERVICE AND I HAVE DISCHARGED THE JURY, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE.**

75. **IF YOU NEED TO COMMUNICATE WITH ME DURING YOUR DELIBERATIONS, THE JURY FOREPERSON SHOULD WRITE THE INQUIRY AND GIVE IT TO THE COURT SECURITY OFFICER. AFTER CONSULTING WITH THE ATTORNEYS, I WILL RESPOND EITHER IN WRITING OR BY MEETING WITH YOU IN THE COURTROOM. KEEP IN MIND, HOWEVER, THAT YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, YOUR NUMERICAL**

**DIVISION ON ANY QUESTION.**

**76.   YOU MAY NOW PROCEED TO THE JURY ROOM TO BEGIN YOUR DELIBERATIONS.**