UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD J. THOMPSON | CIVIL ACTION |
| VERSUS | NO. 15-311 |
| YELLOW FIN MARINE SERVICES, LLC. | SECTION "R" (2) |

## ORDER AND REASONS

Plaintiff Richard J. Thompson moves for a new trial under Federal Rule of Civil Procedure 59(a). In support of his motion, Thompson argues that the jury's interrogatory responses are inconsistent. The Court finds that the responses may be reconciled if the jury found that Thompson and Yellow Fin Marine Services, LLC were both partially responsible for the collision of the K-MARINE XI, but that Thompson's alleged medical issues were not caused by the collision. Thompson's motion is therefore denied.

### I. BACKGROUND

On August 1, 2014, the K-MARINE XI, a ship operated by defendant Yellow Fin Marine Services, LLC, struck an energy platform in the Gulf of Mexico. Plaintiff Richard J. Thompson is a former Yellow Fin employee and served as captain aboard the K-MARINE XI at the time of the collision.

Another Yellow Fin employee, deckhand Joseph Tucker, was at the K-MARINE XI's wheel at the time of the collision.

Thompson sued Yellow Fin, alleging that he sustained injuries in the collision. Yellow Fin counterclaimed for damage to the K-MARINE XI. On August 1 through 3, 2016, the Court held a jury trial. At trial, Yellow Fin argued in its defense: (1) that Thompson, rather than Yellow Fin, was responsible for the collision; and (2) that Thompson was not injured in the collision, and that Thompson's alleged health issues in fact predate the accident.

In its verdict form, the jury found that Yellow Fin was not responsible for any injuries to Thompson.[1] As to Yellow Fin's counterclaims, the jury found Thompson liable, but found that Thompson was only 50 percent at fault for the collision.[2] The jury assigned the remaining 50 percent of fault to Yellow Fin.[3] Thompson now argues that these findings are inconsistent, and that Thompson is therefore entitled to a new trial.

---

[1]  R. Doc. 65.
[2]  *Id.*
[3]  *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(a) provides that a district court may grant a new trial "on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). The decision to grant or deny a motion for a new trial is within the sound discretion of the trial court. *See Pryor v. Trane Company*, 138 F.3d 1024, 1026 (5th Cir. 1998). Although Rule 59(a) does not enumerate grounds for a new trial, a district court may grant a new trial if the court finds that the verdict is against the weight of the evidence, the damages awarded are excessive or inadequate, the trial was unfair, or prejudicial error was committed in its course. *See Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).

Additionally, a new trial must be granted when the Court is unable logically to reconcile an inconsistent jury verdict. *See Willard v. The John Hayward*, 577 F.2d 1009, 1011 (5th Cir. 1978) ("If the jury gives inconsistent answers to special interrogatories, the case must be remanded for a new trial . . . only if there is no way to reconcile them."). But, in keeping with the "federal policy favoring jury decisions of disputed fact questions" embodied in the Seventh Amendment, before ordering a new trial the Court "must attempt to reconcile the jury's findings, by exegesis if necessary." *Carr v.*

*Wal-Mart Stores, Inc.*, 312 F.3d 667, 672 (5th Cir. 2002) (internal quotations and modifications omitted).

### III. DISCUSSION

Thompson, as noted, argues that the jury's interrogatory responses are inconsistent, and therefore he is entitled to a new trial. On the verdict form, the jury gave the following answers:

> 1. Do you find by a preponderance of the evidence that Yellow Fin Marine Services, LLC was negligent under the Jones Act <u>and</u> that such negligence was a legal cause of Mr. Thompson's injuries?
>
>   Answer: Yes _____ No \_\_<u>X</u>\_\_\_
>
> 2. Do you find by a preponderance of the evidence that the KMARINE XI was unseaworthy <u>and</u> that such unseaworthiness was a proximate cause of Mr. Thompson's injuries?
>
>   Answer: Yes _____ No \_\_<u>X</u>\_\_\_
>
> . . .
>
> 6. Do you find by a preponderance of the evidence that Mr. Thompson was negligent <u>and</u> that such negligence was a legal cause of damage to the K-MARINE XI and/or the Fieldwood Energy Platform?
>
>   Answer: Yes \_\_<u>X</u>\_\_ No _____
>
> . . .
>
> 7. Do you find by a preponderance of the evidence that Yellow Fin Marine Services, LLC was negligent <u>and</u> that its negligence was a legal cause of damage to the K-MARINE XI and/or the Fieldwood Energy Platform?

4

Answer: Yes __X__ No _____

. . .

8. State the percentage of fault for each party whose fault you have found to have caused damage to the K-MARINE XI and/or the Fieldwood Energy Platform. (Note: The total of the percentages given in your answer must equal 100%)

    Richard J. Thompson              50 %

    Yellow Fin Marine Services, LLC   50 %

    TOTAL                               100%[4]

In arguing that these responses are inconsistent, Thompson ignores Yellow Fin's defense that Thompson was not in fact injured by the collision. If the jury credited this defense, then the answers are completely consistent. Interrogatory one is asks both whether Yellow Fin was negligent and whether that negligence caused Thompson's injuries. Interrogatory two poses the same questions with regard to unseaworthiness. Therefore, if the jury believed that Thompson suffered no injury in the collision, both questions must be answered in the negative. This answer is perfectly consistent with the jury's findings in interrogatories six, seven, and eight that Yellow Fin and Thompson were both partially responsible for the collision. Because Thompson's claimed inconsistencies can be reconciled, his motion for a new

---

[4]     R. Doc. 65.

trial is properly denied. See *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 345 (5th Cir. 2001).

## IV. CONCLUSION

For the foregoing reasons, Richard J. Thompson's Motion for New Trial is DENIED.

New Orleans, Louisiana, this __23rd__ day of January, 2017.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE