UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD J. THOMPSON | CIVIL ACTION |
| VERSUS | NO. 15-311 |
| YELLOW FIN MARINE SERVICES, LLC. | SECTION "R" (2) |

## **ORDER AND REASONS**

Plaintiff Richard J. Thompson moves for reconsideration[1] of the Court's order[2] denying his motion for a new trial under Federal Rule of Civil Procedure 59(a). In its order, the Court rejected Thompson's argument that the jury's interrogatory responses were inconsistent.[3] Thompson now moves for reconsideration of that order under Federal Rule of Civil Procedure 59(e). For the following reasons, Thompson's motion is denied.

A district court has considerable discretion to grant or to deny a motion under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool*

---

[1]  R. Doc. 78.
[2]  R. Doc. 77.
[3]  *Id.*

*Offshore, Inc.*, 1998 WL 43217, *2 (E.D. La. Mar. 19, 1998); *Bardwell v. George G. Sharp, Inc.*, 1995 WL 517120, *1 (E.D. La. Aug. 30, 1995). The Court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. A moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law. *See Fidelity & Deposit Co. of Md. v. Omni Bank*, 1999 WL 970526, *3 (E.D. La. Oct. 21, 1999); *Fields*, 1998 WL 43217 at *2.

As explained more completely in the Court's earlier order, Thompson worked for defendant Yellow Fin Marine Services, LLC as a boat captain. In his complaint, Thompson sought recovery from Yellow Fin for alleged injuries sustained when the K-MARINE XI, one of Yellow Fin's boats, collided with an energy platform. Thompson was serving as captain of the K-MARINE XI at the time of the collision, and Yellow Fin counterclaimed for damage to the ship.

In its verdict form, the jury found that Yellow Fin was not responsible for any injuries to Thompson.[4] As to Yellow Fin's counterclaims, the jury found Thompson liable, but found that Thompson was only 50 percent at fault for the collision.[5] The jury assigned the remaining 50 percent of fault to Yellow Fin.[6] In his motion for new trial, Thompson argued that these findings are inconsistent, and that Thompson is therefore entitled to a new trial.

In denying Thompson's motion, the Court noted that Yellow Fin argued two theories in its defense: (1) that Thompson, rather than Yellow Fin, was responsible for the collision; and (2) that Thompson was not injured in the collision, and that Thompson's alleged health issues in fact predate the accident. The Court found that the jury's verdict is consistent with its crediting the latter defense. In other words, the jury could have found that both Yellow Fin and Thompson were responsible for the collision, but that Thompson was not injured in the collision and that he therefore cannot recover on his claim.

In his motion for reconsideration, Thompson makes two arguments. First, Thompson simply rehashes his argument that the jury's verdict is

---

[4]   R. Doc. 65.
[5]   *Id.*
[6]   *Id.*

inconsistent. This argument is rejected for the reasons offered in the Court's previous order.

Thompson's second argument is that there was insufficient evidence to support a finding that Thompson's injuries predated the accident. In determining whether the evidence adduced at trial was sufficient to support the verdict, the Court must "draw all reasonable inferences and resolve all credibility determinations in the light most favorable to the nonmoving party." *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008) (citation omitted). The jury's verdict must be upheld "[u]nless the evidence is of such quality and weight that reasonable and impartial jurors could not arrive at such a verdict." *Ferrara Fire Apparatus, Inc. v. JLG Indus., Inc.*, 581 F. App'x 440, 443 (5th Cir. 2014).

Here, there was ample evidence to support a finding that Thompson's injuries predated the collision aboard the K MARINE XI. Although, Thompson testified that he suffered pain only after the collision, "[t]he jury was under no obligation to believe the testimony of [Thompson] as to his . . . pain, even if that testimony were undisputed." *Semper v. Santos*, 845 F.2d 1233, 1237 (3d Cir. 1988); *see also id.* ("[T]he trier of fact, whether the issue be one of an excessive or inadequate verdict, is at liberty within the bounds of reason to reject entirely the uncontradicted testimony of a witness which

4

does not convince the trier of its merit."). Furthermore, to the extent Dr. Gregory Brick, Thompson's treating physician, offered any opinion on causation, that opinion was explicitly based on Thompson's own account of his pain.[7] Dr. Brick also testified that Thompson suffered from degenerative arthritis in both hips and that this condition developed before the collision.[8] Finally, Dr. Brick also agreed that he does not "relate" any pain in Thompson's left hip to the collision.[9] Based on this evidence, the jury was free to conclude that Thompson's injuries predated the collision. Accordingly, Thompson has shown no manifest error of fact or law in the Court's prior order.

For these reasons, plaintiff Richard J. Thompson's motion for reconsideration is DENIED.

New Orleans, Louisiana, this __11th__ day of May, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[7] *See* R. Doc. 80 at 19. ("Q: So, Doctor, *assuming Richard's pain and symptoms began following the accident on August 1st, 2014*, isn't it true that you would relate the need for the hip replacement to Richard being thrown into the bulkhead at the time of the boat accident? A: Yes.") (emphasis added).
[8] *Id.* at 23.
[9] *Id.* at 21.

5